Dong v. Sessions

BIA
Van Wyke, IJ
A087 651 012

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand seventeen.

PRESENT:
  GUIDO CALABRESI,
  DEBRA ANN LIVINGSTON,
  SUSAN L. CARNEY,
      *Circuit Judges.*

_____

XING FENG DONG,
      *Petitioner,*

  v.                                          16-2257
                                              NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:          John Chang, New York, NY.

FOR RESPONDENT:          Joyce R. Branda, Acting Assistant
                         Attorney General, Mary Jane Candaux,
                         Assistant Director, Matthew A.
                         Connelly, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xing Feng Dong, a native and citizen of the People's Republic of China, seeks review of a June 23, 2016 decision of the BIA affirming a July 16, 2014 decision of an Immigration Judge ("IJ") denying Dong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xing Feng Dong,* No. A087 651 012 (B.I.A. June 23, 2016), *aff'g* No. A087 651 012 (Immig. Ct. N.Y.C. July 16, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The "substantial evidence" standard of review applies to the IJ's factual findings, and we review questions of law *de novo*. *See* 8 U.S.C. § 1252(b)(4); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the

2

plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam). "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks and citations omitted).

Substantial evidence supports the agency's determination here that Dong was not credible. The agency reasonably relied on inconsistencies between Dong's testimony and the testimony of his witness, Fang Lin. Dong testified that he was fired from his job as a barber in 2008 after his arrest and detention for practicing Falun Gong. Lin testified, however, that she had her hair cut by Dong in 2009, and saw him several times that year, at the same store where he cut her hair in 2007. Dong contends that the agency should not have relied on Lin's testimony because she was confused and very nervous, but the IJ determined that Lin was credible, and because he had the "unique advantage"

3

of having heard directly from the witnesses on the stand, his credibility determinations are afforded "particular deference." *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). Accordingly, as the agency found, this inconsistency called into question both whether Dong lost his job and whether the event leading to his firing—his arrest for Falun Gong—actually occurred. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (holding that "a single instance of false testimony may . . . infect the balance of the alien's uncorroborated or unauthenticated evidence").

The agency also reasonably relied in its adverse credibility finding on parts of Dong's testimony that were implausible and incoherent. For example, Dong testified that he did not know how many times the police had been to his parents' house looking for him since he left China, or whether his parents had told the police of his whereabouts, even though he testified that he talks with his parents on the phone and these matters should have been important to him, given his history with the police and concern for his parents' safety. The agency reasonably found that Dong's testimony on these points was vague and evasive. *Zhou Yun Zhang*, 386 F.3d at 73 (affording

4

particular deference to the IJ because he is able to "assess[] testimony together with witness demeanor").

Dong also testified that he wanted his parents to tell the police that he was in the United States because that might make the police stop their visits. But when asked why he did not tell them to do so, he said that he did not want to harm his parents. The agency reasonably found that this testimony "borders on the incoherent." *See id.* at 74 (holding deference is due to findings based on "inconsistent statements" or "inherently improbable testimony").

The agency also relied on Dong's failure to corroborate his continuing practice of Falun Gong. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Dong testified that he resumed his practice of Falun Gong in the United States and that he sometimes practiced in a park with "many" other people. He testified that the best person to corroborate his practice of Falun Gong in the United States would be his wife, but in her affidavit, his wife declared that she herself was not a

5

practitioner of Falun Gong. The agency therefore reasonably inferred that she would not be able to discern whether Dong's practice of Falun Gong was genuine. *See Siewe*, 480 F.3d at 168-69 (affording deference to the agency's inference so long as it is "tethered to the evidentiary record"); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006) (noting that weight afforded to the applicant's evidence in immigration proceedings lies largely within agency discretion). Because Dong's testimony was not otherwise credible, the agency reasonably relied on his failure to present any witness from the park to corroborate his Falun Gong practice in rejecting his claim. *Biao Yang*, 496 F.3d at 273.

Dong contends that the inconsistencies and omissions relied on by the agency do not go to the heart of his claim. But the testimonial inconsistencies regarding Dong's loss of his job do go to the heart of his claim: they relate to a central alleged consequence of Dong's purported practice of Falun Gong in China. Moreover, the agency is allowed to rely on inconsistencies and omissions that "do not directly relate to the applicant's claim of persecution." *Xiu Xia Lin*, 534 F.3d at 164.

Given the inconsistency findings and the lack of corroboration where one would expect to find it, substantial evidence supports the agency's adverse credibility determination. *See id.* at 165-66. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7